**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDA BREEDLOVE,

      Plaintiff - Appellant,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant - Appellee.

No. 01-7153
(D.C. No. 01-CV-172-S)
(E. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Circuit Judge, **HOLLOWAY** and **McWILLIAMS**, Senior Circuit Judges.

Linda Breedlove ("plaintiff") was the record owner of residential property located in Muldrow, Oklahoma. She has carried insurance on the house with Allstate Insurance Company (Allstate) ever since the home was built in 1984. On December 6, 1998, the house was completely destroyed by fire, at which time, the house was, as indicated, insured by Allstate. The plaintiff filed a proof of loss with Allstate on February 1, 1999. Jumping ahead, and without going into any detail at this point, Allstate from the start was

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of the belief that the fire was the result of arson, and was probably started by the plaintiff, or her husband, Bill Breedlove, or their son, Bud Breedlove. Plaintiff's position on this matter was that the fire, though quite possibly the result of arson, had been started by an unknown intruder. After considerable investigation into the matter by both parties, Allstate denied plaintiff's claim on October 27, 1999. One year and about two months later, the plaintiff on December 1, 2000, filed the present action against Allstate in the state district court for Sequoyah County, Oklahoma. Allstate filed a notice of removal on March 30, 2001, and the case was removed to the United States District Court for the Eastern District of Oklahoma. After filing an answer, Allstate filed a motion for partial summary judgment on the issue of "bad faith" on August 28, 2001, and a separate motion for partial summary judgment on the issue of the "statute of limitations" was filed by Allstate on September 5, 2001. On October 18, 2001, the district court granted both of Allstate's motions for summary judgment and entered judgment in favor of Allstate on that same date. Plaintiff filed a timely notice of appeal of that judgment. We affirm.

More specifically, in her "petition" filed on December 1, 2000, in the district court of the County of Sequoyah, Oklahoma, plaintiff alleged that Allstate, failed to "pay a valid claim" contrary to the terms of their insurance policy, and in so doing, had acted in "bad faith." As a result of Allstate's various actions, plaintiff asked that she be compensated in a sum in excess of $10,000.00 for her emotional distress, for damages to her home in excess of $10,000.00, for damages to her personal property in excess of

$10,000.00, for punitive damages in a sum in excess of $10,000.00, and "for such other and further relief as may be deemed equitable."

Also, as above indicated, Allstate caused the case to be removed from the state court to the United States District Court for the Eastern District of Oklahoma on March 30, 2001. On April 12, 2001, Allstate filed an answer to plaintiff's petition in which it admitted, *inter alia,* that it had refused to pay plaintiff's claim and that plaintiff had been so advised on October 27, 1999, with "specific reference to those portions of the policy upon which the decision was based." Affirmatively, Allstate alleged that plaintiff had "failed to meet the conditions precedent to her contract action," that her claim for breach of contract was barred by the one-year statute of limitations contained in the policy, that any delay in its decision to deny plaintiff's claim was caused by plaintiff's own failure to cooperate, her failure to respond to Allstate's request for documents and information regarding her claim, and by plaintiff's "material misrepresentation" regarding the various matters. Allstate also denied that it had in any way breached any "implied duty of good faith and fair dealing," or had otherwise acted in "bad faith." On August 28, 2001, Allstate filed a motion for partial summary judgment on the issue of "bad faith." On September 5, 2001, Allstate filed a motion for partial summary judgment on the issue of whether the statute of limitation barred plaintiff's claim for breach of contract. Plaintiff filed a response to these motions on September 11th and 17th, 2001, respectively.

On October 18, 2001, the district court granted Allstate's motions for summary

judgment and entered judgment in favor of Allstate on that same date.

In its unpublished order granting Allstate's motions for summary judgment, the district court, after reviewing the facts in considerable detail, held that Allstate had a legitimate and reasonable justification for denying plaintiff's claim and was not guilty of "bad faith" in denying plaintiff's claim. At the same time, the district court held plaintiff's breach of contract claim was barred by the one-year statute of limitations contained in the insurance policy and that there was no tolling of that statute.

On appeal, plaintiff raises two issues: (1) the district court erred in concluding that Allstate's actions did not show "bad faith" on the part of Allstate which would create a tort claim for the plaintiff, and (2) the district court further erred in concluding that Allstate's conduct did not show "fraud" which would toll the running of the one-year statute of limitations contained in the insurance policy. The "fraud" relied on by plaintiff consisted of Allstate's alleged "concealment of the insurance policy [containing the one-year statute of limitations] from Linda Breedlove" and its "concealment of Allstate's appraisals of the real and personal property of Linda Breedlove." We are not persuaded by either and, therefore, affirm.

Allstate's motions for summary judgment, as well as plaintiff's responses thereto, were supported by briefs and various attachments. Accordingly, there was considerable evidentiary matter before the court when it granted Allstate's motions for summary judgment. As concerns plaintiff's alleged tort claim based on "bad faith," the district

court concluded that, in denying plaintiff's claim, Allstate did not act in bad faith but had a legitimate and reasonable "justification" for denying the claim. In connection with this particular matter, the record supports the district court's findings that there was a legitimate and reasonable ground for denying plaintiff's claim filed with Allstate, and leave the question of coverage, if any, to be later resolved in a court of law.

The other issue raised in this appeal is whether the district court erred in holding that plaintiff's breach of contract action was barred by the one-year statute of limitations in the policy. As indicated, the fire occurred on December 6, 1998, and plaintiff did not file her action until December 1, 2000, nearly two years later, and more than one year after Allstate notified plaintiff that her claim had been denied. In granting the defendant's motion for summary judgment on the statute of limitations issue, the district court found, *inter alia*, that there was no fraudulent concealment by Allstate from the plaintiff of the insurance policy and that the statute of limitations should not be "tolled for the defendant's failure to produce a document plaintiff had in her possession." Further, the district court held that there was no fraudulent concealment by Allstate of appraisals made by their representatives which were higher than declarations made by the plaintiff in a prior bankruptcy proceeding. The record supports the district court's holding that plaintiff had not sustained her burden in connection with her claim that the one-year statute of limitations should be tolled.

In sum, as to both matters raised by plaintiff on appeal, the record supports the

district court's ultimate holding that there were no material facts in dispute, and that summary judgment was appropriate. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).

In this same vein, it would appear that the district court properly applied Oklahoma law to those facts. Accordingly, we see no necessity to certify this case to the Oklahoma courts, as was requested by plaintiff's counsel. The motion to certify is denied.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge